IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES L. RUDZAVICE,
    Petitioner,

vs.                                    Case No.:  5:14cv8/MMP/EMT

N.C. ENGLISH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the court on Petitioner's habeas petition and supporting memorandum, filed pursuant to 28 U.S.C. § 2241 (docs. 1, 2). Respondent filed a response to the petition (doc. 10). Petitioner filed a reply (doc. 15).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.    BACKGROUND[1]

On September 19, 2007, a federal grand jury in the United States District Court for the Northern District of Texas indicted Petitioner on one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Count One), and one count of transfer of obscene material to a minor in violation of 18 U.S.C. § 1470 (Count Two) in Case No. 4:07cr138 (doc. 10, Ex. 1). On November 16, 2007, Petitioner entered a written plea agreement, pursuant to which he agreed to

---

[1] Petitioner does not dispute Respondent's rendition of the background of this case set forth in his Response (doc. 10 at 3–4). Additionally, that rendition is supported by those portions of the record of Petitioner's underlying criminal case submitted by Respondent (doc. 10, Exhibits).

plead guilty to Count One as charged, with the understanding that the court could sentence him to not less than five (5) years and not more than twenty (20) years of imprisonment, followed by a term of supervised release of at least five (5) years and up to life (doc. 10, Ex. 3). The Government agreed it would not bring any additional charges against Petitioner based upon the conduct underlying and related to Petitioner's guilty plea to Count One (*id.*). The Government also agreed to dismiss, after sentencing, any remaining charges pending in the original indictment (*id.*). On March 12, 2008, the Government filed a superseding indictment as to Count Two (doc. 10, Ex. 2). On April 21, 2008, the court held a bench trial on Count Two of the superseding indictment, and found Petitioner guilty as charged (doc. 10, Ex. 4). On August 6, 2008, the court sentenced Petitioner to a term of 240 months of imprisonment on Count One of the original indictment, and a consecutive term of 120 months on Count Two of the superseding indictment, followed by supervised release for the rest of his life (doc. 10, Ex. 5). On the Government's motion, the court dismissed Count Two of the original indictment (*id.*). The Fifth Circuit Court of Appeals affirmed the judgment. *See* United States v. Rudzavice, 586 F.3d 310 (5th Cir. 2009). Petitioner sought certiorari review by the United States Supreme Court, but the Court denied his petition for review. Rudzavice v. United States, 559 U.S. 984, 130 S. Ct. 1718, 176 L. Ed. 2d 201 (2010).

On February 25, 2011, Petitioner filed a motion to vacate sentence, pursuant to 28 U.S.C. § 2255, in the Northern District of Texas (doc. 10, Ex. 6). The court denied the motion (*id.*, Exs. 8, 9). *See* United States v. Rudzavice, Nos. 4:11cv129, 4:07cr138, 2011 WL 3348071 (N.D. Tex. Aug. 3, 2011) (unpublished).

Petitioner filed a petition for writ of mandamus in the Fifth Circuit, challenging his conviction on jurisdictional grounds (*see* doc. 10, Ex. 10). The Fifth Circuit denied the petition on March 8, 2012 (*id.*).

On November 28, 2012, Petitioner filed a § 2241 petition in the United States District Court for the Eastern District of New York, where he was then incarcerated (doc. 10, Ex. 11). Because Petitioner's claims challenged the validity of his conviction and sentence, the Eastern District of New York construed the petition as a § 2255 motion and transferred it to the Northern District of Texas (*see id.*, Ex. 12). On June 28, 2013, the Northern District of Texas dismissed the petition as an unauthorized and successive § 2255 motion (*id.*).

Petitioner filed the instant § 2241 petition on January 8, 2014 (doc. 1 at 8).[2] He was housed at the Federal Correctional Institution in Marianna, Florida, when he filed his petition (*id.* at 1), and he is still housed there.  Petitioner raises the following claims:

> Ground One:  "Due Process was violated when Petitioner received a +2 Level enhancement pursuant to U.S.S.G. § 2G2.2(b)(2) (Material involved a prepubescent minor or minor who had not reached the age of 12 yrs old (See PSR paragraph 9[35]))."
>
> Ground Two:  "Due Process was violated when Petitioner received a +7 Level Enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(E) offense involved distribution of a pornagraphic [sic] movie to someone believed to be a minor female to induce the female to engage in prohibited sexual conduct (See PSR p. 9 paragrahp [sic] [36])."
>
> Ground Three:  "Due Process was violated when Petitioner received a +4 Level Enhancement pursuant to U.S.S.G. § 2G2.2(b)(4) (offense involved material that portrays sadistic masochistic or other depictions of violence (See PSR p. 9, paragraph [37])."
>
> Ground Four:  "Due Process was violated when Petitioner received a +5 enhancement pursuant to U.S.S.G. § 2G2.2(b)(7)(D)—offense involved more than 600 images."
>
> Ground Five:  "The Government had no standing to indict or try Petitioner on 18 USC § 1470."
>
> Ground Six:  "Unconstitutional incarceration due to illegal enhancements."

(doc. 1 at 3–7, 9–12; doc. 2).

II.     ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952).  The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999). The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[3] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural

---

[3] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause." The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

      In Bryant v. Warden, FCC Coleman–Medium, 739 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit articulated five requirements necessary to proceed with a § 2241 petition raising sentencing claims under the savings clause. To show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," Petitioner must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, the Fifth Circuit's binding precedent had specifically addressed his sentencing claim and squarely foreclosed it; (2) subsequent to his first § 2255 proceeding, a Supreme Court decision overturned Circuit precedent that had squarely foreclosed Petitioner's claim; (3) the new rule announced in the Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule being retroactive, Petitioner's current sentence exceeds the statutory maximum authorized by Congress; and (5) the savings clause in § 2255(e) reaches Petitioner's claim of illegal detention above the statutory maximum penalty. Bryant, 739 F.3d at 1274.

      Here, Petitioner was convicted of violating 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 1470, and sentenced to twenty (20) years of imprisonment and ten (10) years of imprisonment, respectively. Neither of those sentences exceeded the statutory maximum. *See* 18 U.S.C. § 2252(a)(2), (b)(1) (statutory maximum for a violation of § 2252(a)(2) is 20 years); 18 U.S.C. § 1470 (statutory maximum for a violation of § 1470 is 10 years). The statutory maximum penalty for his convictions was always 20 years on the former conviction and 10 years on the latter

conviction, even without considering the sentencing guidelines enhancements which Petitioner claims were unconstitutionally applied. Therefore, the savings clause in § 2255(e) does not authorize the court to consider Petitioner's sentencing claims. *See* Gilbert v. United States, 640 F.3d 1293, 1295, 1312, 1323 (11th Cir. 2011) (en banc), *cert. denied*, — U.S. —, 132 S. Ct. 1001, 181 L. Ed. 2d 743 (2012) (holding that savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.).[4]

Furthermore, the Supreme Court authority upon which Petitioner bases his habeas claims, Alleyne v. United States, — U.S. —, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), is not retroactively applicable on collateral review. In Alleyne, the Supreme Court applied the rule of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and held that the "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. However, Apprendi does not apply retroactively. *See* Dohrmann v. United States, 442 F.3d 1279, 1281–82 (11th Cir. 2006); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) ("[W]e hold that the new constitutional rule of criminal procedure announced in Apprendi does not apply retroactively on collateral review."). Therefore, Alleyne, which is based on Apprendi, likewise does not apply retroactively on collateral review. *See, e.g.*, Chester v. Warden, No. 12015119, 2014 WL 104150, at *4 (11th Cir. Jan. 13, 2014) (unpublished) (holding that savings clause did not apply to petitioner's claim challenging his sentence, where petitioner's sentence did not exceed statutory maximum penalty; and rejecting petitioner's Alleyne-based argument because Alleyne's rule does not apply retroactively on collateral review); Starks v. Warden, FCC Coleman-USP I, No. 12-15956, 2013 WL 6670797, at *2–3 (11th Cir. Dec. 19, 2013) (unpublished) (affirming

---

[4] Petitioner's "actual innocence" argument asserted in Ground Five, that the Government did not have standing to prosecute him for a violation of 18 U.S.C. § 1470 because there was no actual victim of the crime (*see* doc. 1 at 6, 12; *see also* doc. 2), is not a claim addressing the execution of his sentence but rather its legality, and thus it does not directly fall under the holding of Bryant or Gilbert. However, in Benitez v. Warden, FCI Miami, No. 12-15459, 2014 WL 1716994, at *2 (11th Cir. May 2, 2014) (unpublished), the court found that the requirement that a § 2241 petitioner base his claims upon a retroactively applicable Supreme court decision extends to a petitioner's claims challenging the validity of his conviction. And here, Petitioner has not identified a retroactively applicable Supreme Court decision upon which his standing argument is based. Therefore, he failed to demonstrate that this claim qualifies for review under the "savings clause." *See id.* (citing Williams, 713 F.3d at 1343 and Bryant, 738 F.3d at 1274).

Case No: 5:14cv8/MMP/EMT

dismissal of § 2241 petition, in which federal prisoner argued he was actually innocent of 21 U.S.C. § 841(b)(1)(A) and that his life sentence exceeded 20-year statutory maximum for a violation of § 841(b)(1)(C), because Apprendi-based cases upon which petitioner relied, including Alleyne, were not retroactively applicable on collateral review).

Finally, Petitioner's arguments that § 2255 is inadequate and ineffective because that statute was not properly enacted and constitutes an unconstitutional suspension of the writ (*see* doc. 15 at 1, 2) are without merit. *See* Swain v. Pressley, 430 U.S. 372, 377–78, 381 97 S. Ct. 1224, 51 L. Ed. 2d 411 (noting that § 2255 was enacted in 1948, and that the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ) (citing Hayman, 342 U.S. at 223); Gilbert, 640 F.3d at 1317, 1323 (rejecting Suspension Clause challenge to § 2255); *see also, e.g.,* Gaines v. Warden, FCC Coleman-USP-1, 380 F. App'x 812, 815 (11th Cir. 2010) (unpublished) (rejecting as frivolous petitioner's argument that §§ 2241 and 2255 were not properly enacted).

III.   CONCLUSION

In summary, review under § 2241 is unavailable because Petitioner challenges the validity of his convictions and sentences, not the execution of his sentences. Furthermore, he has not shown that any of his claims open the savings clause portal to review. Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

1.   That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED for lack of jurisdiction**.

2.   That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 16th day of May 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).